# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JARELL DAVIS TERRY**                                      **PETITIONER**

v.                          NO. 4:22-cv-00941-JM-PSH

**DEXTER PAYNE**                                            **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, petitioner Jarell D. Terry ("Terry") challenges his 2018 Drew County Circuit Court convictions and does so by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that the petition be dismissed without prejudice. He failed to obtain authorization from the United States Court of Appeals for the Eighth Circuit ("Court of Appeals") to file his petition. Until he does so, his petition cannot be considered.

The record reflects that Terry was convicted of first-degree murder, aggravated robbery, and theft of property. He was sentenced as an habitual offender to two consecutive terms of life imprisonment, plus a fifteen year term of imprisonment to be served concurrent with the second term of life imprisonment. He appealed his convictions. The Arkansas Supreme Court found no reversible error and affirmed the convictions. See Terry v. State, 2020 Ark. 202, 600 S.W.3d 575 (2020).[1] He did not thereafter seek state post-conviction relief by filing a petition pursuant to Arkansas Rule of Criminal Procedure 37.

---

[1] The state Supreme Court did so only after remanding the case to the trial court for development of the record. See Terry v. State, 2019 Ark. 342, 2019 WL 6228645 (2019). The case eventually returned to the appellate court where Terry's convictions were affirmed.

In December of 2020, Terry began Terry v. Payne, No. 4:20-cv-01440-JM, by filing a petition pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. He raised four claims in the petition. First, the evidence was insufficient to support his convictions. Second, his convictions constituted a double jeopardy violation. Third, juror misconduct rendered his trial fundamentally unfair. Last, Terry's right to due process was violated for reasons that included the following: the trial court relied upon inconsistent statements, improperly admitted a photograph from the victim's Facebook page, and allowed the prosecutor to lead a witness and slander Terry; the prosecutor spoke with a witness during a recess; and Terry was improperly sentenced as an habitual offender because his prior felonies were not violent offenses. United States District Judge James M. Moody, Jr., adopted the undersigned's report and recommendation and dismissed 4:20-cv-01440-JM in July of 2021. Judge Moody found that Terry's first claim was without merit, and Terry's remaining claims were procedurally barred from federal court review.[2] Judge Moody denied a certificate of appealability, as did the Court of Appeals.

---

[2] Judge Moody alternatively found that even if Terry's third claim—the juror misconduct claim—were not procedurally barred from federal court review, it was without merit.

Terry began the case at bar in October of 2022 by filing a petition pursuant to 28 U.S.C. 2254. In the petition, he raised four claims. First, his sentence is illegal or otherwise excessive because the sentencing order is incorrect.[3] Second, his arrest was unlawful because the warrant supporting his arrest was not signed by a judge. Third, Terry's convictions constitute a double jeopardy violation because he was "punished twice for the theft of firearm (also charged with aggravated robbery) [a]nd the habitual offender enhancements constitute double jeopardy." See Docket Entry 2 at CM/ECF 8. Last, he is actually innocent of first-degree murder because the evidence does not establish that he was an accomplice to murder and because the jury instructions were improper.

Respondent Dexter Payne thereafter filed the pending motion to dismiss. See Docket Entry 7. In the motion, Payne maintained that Terry's petition should be dismissed because the petition is a second or successive petition pursuant to 28 U.S.C. 2254, and Terry did not obtain authorization from the Court of Appeals to file the petition.

---

[3]   He maintained that the sentencing order is incorrect for three reasons: first, "life" is checked on the order, not life without parole; second, the order reflects that his presumptive sentence is "660 to 660 months (55 years);" and third, "he should not be under 100% because all charges that were violent were simultaneous." See Docket Entry 2 at CM/ECF 5.

Terry filed a response to the motion to dismiss and attempted to explain why his four claims at bar should be considered. As to his first claim at bar, i.e., the illegal sentence claim, he maintained that it is a new claim and has never been considered. He has not raised the claim until now because he only recently obtained the sentencing order and his attorney was ineffective in "preserving or attacking the fact that [Terry] had no prior violent offenses ..." See Docket Entry 9 at CM/ECF 4.

As to Terry's second claim at bar, i.e., the unlawful arrest claim, he maintained that it too is a new claim and has never been considered. He has not raised the claim until now for the following reasons:

> ... This information had not been attacked by trial counsel ... and had ... not been attacked by the Petitioner on Rule 37 appeal because the Petitioner had been mentally incompetent upon receiving conviction. Petitioner had been denied proper access to law library, and this document may have been in my discovery file, however they been destroyed by Officer Angela Jenkins-White of EARU Max while the Petitioner had been mentally incompetent. [Sic].
>
> Petitioner further asserts that I've attempted to attack the unlawful arrest/invalid arrest at state level writ of habeas corpus petition by multiple filings of habeas corpus with the Lee County Courthouse ..., however I've received no communication from Lee County.

See Docket Entry 9 at CM/ECF 4-5.

As to Terry's third claim at bar, i.e., the double jeopardy claim, he conceded that he raised it in 4:20-cv-01440-JM. He maintained that the claim should be considered a second time because he is actually innocent, his trial attorney was ineffective, and the Lee County Circuit Court has not acted on his multiple state habeas corpus petitions.

As to Terry fourth claim at bar, i.e., the actual innocence claim, he conceded that it too was raised in 4:20-cv-01440-JM. He maintained that the claim should be considered a second time because he is actually innocent, his trial attorney was ineffective, and the Lee County Circuit Court has not acted on his multiple state habeas corpus petitions.

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The phrase "second or successive" is a term of art and not every petition that is second in time requires authorization. See Williams v. Hobbs, 658 F.3d 842 (8th Cir. 2011). "Where a [petitioner] could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [...] authorization." See Id. at 853.

The petition at bar is Terry's second challenge to his 2018 convictions by means of a petition pursuant to 28 U.S.C. 2254. The question is whether he was required to obtain authorization from the Court of Appeals before filing his petition. Although he offers several reasons why he was not required to do so, the reasons are unconvincing. The undersigned finds that he must comply with the authorization requirement before his petition can be considered.

First, Terry should have known of, or could have discovered, the factual predicate of his first and second claims at bar by no later than the time of his trial. Although Terry maintains that a correctional officer at his present place of incarceration destroyed a file containing the arrest warrant, Terry should have known of, or could have discovered, the allegedly infirm warrant no later than the time of his trial.

Second, notwithstanding the foregoing, the undersigned will assume that Terry could not have known of, nor could have discovered, the factual predicate for his first and second claims at bar prior to filing 4:20-cv-01440-JM. New claims based on new evidence, though, cannot be raised in a second or successive habeas petition without authorization from the Court of Appeals. See Caroon v. Hammer, No. 13-1646-MJD-FLN, 2013 WL 5359559 (D. Minn. Sept. 24, 2013).

Third, the undersigned accepts Terry's representation that he has suffered from a mental impairment. He has failed to show, though, that the impairment was so severe he could not have presented his first and second claims at bar at any time prior to the filing of this petition. The impairment certainly did not prevent him from presenting his third and fourth claims at bar in 4:20-cv-01440.

Fourth, the undersigned is not persuaded that an assertion of actual innocence can excuse compliance with the authorization requirement. An actual innocence exception to 28 U.S.C. 2244(b)(3)(A) would "nearly eviscerate" the requirement, "as actual-innocence claims are one of only two types of claims that can be authorized at all for consideration in a second-or-successive habeas petition [...]" See Pawliszko v. Dooley, No. 15-3994-ADM-JSM, 2015 WL 9312526, 2 (D. Minn. Nov. 30, 2015), report and recommendation adopted, No. 15-3994-ADM, 2015 WL 9294350 (D. Minn. Dec. 12, 2015) (emphasis in original). See also Solomon v. State of Arkansas, No. 5:15-cv-05304-TLB, 2016 WL 3945739 (W.D. Ark. July 19, 2016). "In other words, absent reliance on a new retroactively applicable rule, a showing of actual innocence is a prerequisite to certification by an appellate court; it is not an exception to certification." See Pawliszko v. Dooley, 2015 WL 9312526, 2 (emphasis in original).

Fifth, the undersigned assumes, without deciding, that counsel's ineffective representation might excuse compliance with the authorization requirement. Here, though, counsel's ineffectiveness did not prevent Terry from discovering the factual predicate of his claims at bar and presenting them in 4:20-cv-01440-JM.

Last, the undersigned assumes, without deciding, that a state trial court's refusal to act on multiple state habeas corpus petitions might excuse compliance with the authorization requirement. Here, though, the Lee County Circuit Court's refusal to act on Terry's multiple state habeas corpus petitions did not prevent Terry from discovering the factual predicate of his claims and presenting them in 4:20-cv-01440-JM.

The undersigned finds that the petition at bar is a second or successive petition, and Terry was required, but failed, to obtain authorization from the Court of Appeals to file the petition. It is therefore recommended that Payne's motion to dismiss be granted and Terry's petition be dismissed without prejudice. Terry must seek, and obtain, authorization from the Court of Appeals before his petition can be considered. All requested relief should be denied, and judgment should be entered for Payne. A certificate of appealability should also be denied. See 28 U.S.C. 2253.

DATED this 4th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE